■ ORANGEBURG ASSOCIATES, LTD., Appellant-Respondent, v SOUND AND SCREEN VENTURES LIMITED, INC., Respondent-Appellant. — In an action to recover damages for breach of a lease agreement, plaintiff appeals and defendant cross-appeals from a judgment of the Supreme Court, Rockland County (Skahen, J.), entered December 9, 1982, which awarded defendant the principal sum of $20,337.34 on its counterclaim for damages based on wrongful eviction, upon a jury verdict.

Judgment modified, on the law, plaintiff's motion to set aside the jury verdict granted to the extent that so much of the jury verdict as awarded damages in the sum of $8,000 for loss of inventory is vacated and set aside, principal sum awarded defendant reduced accordingly to $12,337.34, and matter remitted to the Supreme Court, Rockland County, for entry of an appropriate amended judgment in favor of defendant in accordance herewith. As so modified, judgment affirmed, without costs or disbursements.

Plaintiff, the landlord, and defendant, the tenant, entered into a written lease agreement for commercial premises located in the Orangetown Shopping Center. On May 13, 1981, plaintiff locked defendant out of the leased premises after defendant failed to pay the rent due for that month and the preceding month. Three days later, defendant's employees were provided access to the leased premises (Orangetown store) for the purpose of removing the merchandise stored at that location. Subsequently, plaintiff commenced this action to recover rent for the term of the lease and defendant, *inter alia,* counterclaimed to recover damages predicated upon a wrongful eviction. After a trial, a jury awarded plaintiff rent owed for the months of April and May of 1981, minus the security posted by defendant, and awarded defendant specific monetary amounts for moving and storage expenses, lost profits, a damaged alarm system and lost inventory. In view of the disposition of this appeal, only the evidence adduced at trial with respect to the award for lost inventory has been culled from the record.

According to the defendant's witnesses, the merchandise removed from the Orangetown store was relocated to defendant's five other stores and to a U-Haul storage locker. Defendant

never recorded the serial number of each item of inventory. An item was identified solely by its model number and the total number of units with the same model number for all defendant's stores was recorded on a general inventory sheet kept at defendant's headquarters. When the merchandise was removed from the Orangetown store and relocated, no record was kept at the five other stores, or at headquarters, as to the items actually received from the Orangetown store. Since the other five locations also stored units with the same model number as the units removed from the Orangetown store, once the inventory was commingled there was no way to identify which unit came from the Orangetown store. Thereafter, the number of defendant's stores was reduced to two, which necessitated a second movement of merchandise from the closed locations to the two remaining stores. No records were maintained with respect to the merchandise relocated during this move. Over two months after the lockout, a physical count of all the merchandise stored at the remaining two locations was taken. When the physical count was compared against the general inventory list kept at headquarters, defendant discovered that merchandise was missing. If the missing item had the same model number as an item stored in the Orangetown store prior to the lockout, defendant's president and bookkeeper attributed the missing item to the Orangetown store, even though the other locations had stored units with the same model number.

There was no documentary evidence to support defendant's claim that $57,911.21 worth of merchandise was lost from the Orangetown store, rather than from one of the five other locations where the Orangetown inventory was stored after the lockout or after the second movement of inventory necessitated by the closing of three of defendant's other locations. Furthermore, defendant's president conceded that the merchandise "could have disappeared any place".

Upon review of this record, we conclude that the evidence proffered at trial is legally insufficient to establish that plaintiff's wrongful eviction of defendant from the leased premises was the proximate cause of the loss of inventory incurred by defendant. Consequently, to the extent the plaintiff's motion, pursuant to CPLR 4404 (subd [a]), sought to set aside so much of the jury verdict as awarded the tenant $8,000 for loss of inventory, the motion was erroneously denied.

We have reviewed the parties' other contentions on appeal and find them to be without merit. Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.