■ BERTRAM DIKER et al., Respondents, v CATHRAY CONSTRUCTION CORP. et al., Appellants, et al., Defendants.—■■■

The Supreme Court impliedly, and correctly, held that the substantive claims raised in the first and third causes of action of the amended complaint, insofar as they are asserted against the defendant Cathray Construction Corp. (hereinafter Cathray), come within the broad language of the arbitration provision of the contract between the plaintiffs and Cathray, and had to be "severed and stayed".

However, in an apparent reference to the fourth cause of action in the amended complaint, the Supreme Court held that "the cause of action against CATHRAY for punitive damages shall not be severed and stayed since that cause of action is not subject to arbitration".

We disagree with this determination.

The fourth cause of action in the amended complaint essentially alleges that the defendants Cathray and Nardone fraudulently induced the plaintiffs to enter into the subject contract with Cathray, and demands, *inter alia,* punitive damages.

Initially, it must be noted, contrary to the statement of the Supreme Court, that there is no separate cause of action to recover punitive damages *(see, Brandenberg v Blue Cross & Blue Shield,* 78 AD2d 534). Moreover, the substantive claims

raised in the fourth cause of action of the amended complaint also come within the broad language of the arbitration provision of the contract between the plaintiffs and Cathray, and are for the arbitrators to resolve *(see, Matter of Weinrott [Carp], 32 NY2d 190)*. Therefore, the fourth cause of action in the amended complaint, insofar as it is asserted against the defendant Cathray, must also be severed from the remaining causes of action and stayed. Moreover, since an arbitrator may not, under New York law, award punitive damages *(see, Garrity v Lyle Stuart, Inc., 40 NY2d 354; Brown v V&R Adv., 112 AD2d 856)*, the plaintiffs' demand for punitive damages against Cathray should be stricken. The plaintiffs' demand for punitive damages against Nardone must also fall. As was stated in *Gale v Kessler* (93 AD2d 744, 745): "The law in this State is clear that recovery of exemplary damages in an action for breach of contract is not authorized where only a private wrong and not a public right is involved or in the 'ordinary' fraud case. To recover punitive damages in an action for fraud, it must appear that the fraud was upon the general public, that is, 'aimed at the public generally, is gross and involves a high degree of moral culpability.' (See *Walker v Sheldon,* 10 NY2d 401, 405; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354 * * *.)" Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.