■ ROSE LEE MFG., INC., et al., Respondents, v CHEMICAL BANK, Appellant.—In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated July 31, 1990, as denied those branches of its motion which were to dismiss the first, third, sixth, seventh, eighth, and ninth causes of action in the complaint, as well as so much of the complaint as sought to recover alleged lost profits.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the defendant's motion which were to dismiss the third and ninth causes of action and the claim for lost profits, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs are two companies engaged in the business of manufacturing and distributing sweaters. For several years they maintained a banking relationship with the defendant Chemical Bank, including checking accounts, and tax depository accounts for deposit of employees' Federal withholding taxes and employee and employer social security tax. The plaintiffs made deposits into the tax depository accounts pursuant to law. The funds to be deposited into these accounts were made with checks drawn on the plaintiffs' checking accounts and made payable to "Chemical Bank". The defendant was to forward the withholding tax payments directly to the Federal Government.

The complaint alleges that for some as yet undetermined time through May 1989 one Seymour Morgenstern, an accountant retained by the plaintiffs, wrongfully and secretly converted approximately $1,536,000 from the plaintiffs by depositing checks made payable to "Chemical Bank" and intended for deposit in the plaintiffs' tax depository accounts into a different account which Morgenstern had at the bank for a corporation called Amerco International, Inc. (hereinafter Amerco). The only "endorsement" or marking on the back of any of these checks was the defendant's stamp. Copies of the checks annexed to the plaintiffs' papers indicate that the checks were never endorsed by Morgenstern.

The plaintiffs alleged that they did not authorize or instruct the defendant to deposit these checks to the credit of Amerco's account and that the defendant knew that Morgenstern was not an officer, director, or shareholder of the plaintiffs and that he was not authorized to deposit the plaintiffs' funds into the Amerco account. The complaint then alleged that the defendant acted in a grossly negligent, wanton, and reckless manner and did not exercise reasonable care. Based on these factual allegations, the complaint asserted nine causes of action, to wit, the first cause of action alleging a failure to exercise commercial good faith, the second cause of action alleging a breach of contract, a third cause of action alleging that the defendant mistakenly credited Amerco's account, a fourth cause of action alleging the breach of a fiduciary duty, a fifth cause of action alleging a breach of the defendant's fiduciary duties under UCC article 4, a sixth cause of action alleging conversion, a seventh cause of action for money had and received, an eighth cause of action alleging collusion by the defendant's employees with Morgenstern, with actual or constructive notice to the defendant, and a ninth cause of action for punitive damages. The plaintiffs also sought to recover lost profits.

The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss all the causes of action, except for the second cause of action to recover damages for breach of contract. The court dismissed the fourth cause of action alleging a breach of a fiduciary duty, and otherwise denied the motion. It also amended the fifth cause of action to specifically allege a breach by the bank of its duty under UCC 4-401 ("when bank may charge customer's account").

On this appeal, the defendant does not challenge the amendment or the denial of that branch of its motion which was to dismiss the fifth cause of action, but contends that the

court should have dismissed the first, third, sixth, seventh, eighth, and ninth causes of action, as well as the claim for lost profits. We agree with the defendant that the third and ninth causes of action and the claim for lost profits should have been dismissed.

In examining the sufficiency of a complaint, the challenged pleading is to be construed liberally (see, CPLR 3026). The pleading is deemed to allege whatever can be implied from its statements by fair and reasonable intendment (see, *Cohn v Lionel Corp.,* 21 NY2d 559; *Kain v Larkin,* 141 NY 144). Although the statements in pleadings are to be factual, "a party may supplement or round out his [her] pleadings by conclusory allegations or by 'stating legal theories explicitly' if the facts upon which the pleader relies are also stated" (*Foley v D'Agostino,* 21 AD2d 60, 63, quoting Notes, First Preliminary Report of Advisory Committee on Practice and Procedure, at 63 [1957]; *see also, Components Direct v European Am. Bank & Trust Co.,* 175 AD2d 227).

"Mistake" has been defined as "that result of ignorance of law or of fact which has misled a person to commit that which, if he had not been in error, he would not have done, and as some unintentional act or omission or error, arising from ignorance, surprise, imposture or misplaced confidence" (77 NY Jur 2d, Mistake, Accident, or Surprise, at 332). The concept finds application in various areas, including the areas of banking and financial institutions, and is based upon the principle of unjust enrichment (see, *Blue Cross v Wheeler,* 93 AD2d 995; 82 NY Jur 2d, Payment and Tender, § 111). To be available as a ground for recovering money paid, a mistake must be as to an existing and material fact (82 NY Jur 2d, Payment and Tender, § 112).

At bar, the plaintiffs do not allege that they made a payment to Chemical Bank by mistake, nor do they allege that Chemical Bank was unjustly enriched by its conduct in crediting the Amerco account, causing the funds to be disbursed by Morgenstern. Consequently, the third cause of action alleging that the defendant mistakenly credited Amerco's account does not state a cause of action and must be dismissed.

The ninth cause of action seeking to recover punitive damages should also have been dismissed, because a demand for punitive damages does not amount to a separate cause of action for pleading purposes (see, *Diker v Cathray Constr. Corp.,* 158 AD2d 657; *Jakobsen v Wilfred Labs.,* 99 AD2d 525). Moreover, neither the specific cause of action, nor the com-

plaint as a whole, allege facts demonstrating such a high degree of moral culpability as to warrant a recovery of punitive damages *(see, Jakobsen v Wilfred Labs.,* 99 AD2d 525, *supra).* There is also no allegation indicating wrongdoing to any public right *(see, Walker v Sheldon,* 10 NY2d 401; *Diker v Cathray Constr. Corp.,* 158 AD2d 657, *supra).* That being the case, the cause of action to recover punitive damages cannot properly be deemed part of the prayer for damages in any of the other sustainable causes of action *(cf., Laufer v Rothschild, Unterberg, Towbin,* 143 AD2d 732).

The plaintiffs' claim for "lost profits", i.e. consequential damages, should have been dismissed. Generally, damages are recoverable where the loss or injury is "the natural and proximate consequences, and not the remote consequences, of a wrongful act" and "this rule is applicable to actions for breach of contract as well as to actions based upon a tort" (36 NY Jur 2d, Damages, § 12, at 28). "Whether one violates a contractual obligation or a duty imposed by law, the theory of the law is that compensation shall be made for the injury directly and proximately caused by the breach of the contract or duty" (36 NY Jur 2d, Damages, § 8, at 22). In actions to recover damages for breach of contract, " '[I]n order to impose on the defaulting party a further liability than for damages [which] naturally and directly [flow from the breach], i.e., in the ordinary course of things, arising from a breach of contract, such unusual or extraordinary damages must have been brought within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting' " *(Kenford Co. v County of Erie,* 73 NY2d 312, 319, quoting *Chapman v Fargo,* 223 NY 32, 36). The nature, purpose and particular circumstances of the contract known by the parties are some of the factors to be considered in determining what was in the reasonable contemplation of the parties at or prior to the execution of the contract *(see, Kenford Co. v County of Erie,* 73 NY2d 312, *supra).*

At bar, the funds allegedly deposited in the Amerco account, and subsequently disbursed by Morgenstern, were intended for deposit into the tax depository accounts and subsequent transmittal to Federal taxing authorities. The funds were never intended to remain in an account so that the plaintiffs could at some point have access to them. Thus, the plaintiffs could not have sustained "lost profits" as a direct and proximate result of any wrongful conduct on the part of the defendant. Further, such a loss could not have been within the contemplation of the parties. The complaint alleges that as a result of

the deposit of the funds into and disbursement of the funds from the Amerco account, the plaintiffs were deprived of at least $1,536,000 in working capital during the period prior to 1989, and that "[u]pon information and belief, had the Funds been invested in the business of plaintiffs, the Rose Lee Companies would have earned approximately at least $4,000,000 in additional profits during the period prior to 1989". If the funds had not been deposited into the Amerco account, they would have been deposited into the Federal tax depository account, and would not have been available to the plaintiffs as working capital. Consequently, the plaintiffs' claim for lost profits is dismissed.

The remaining causes of action are sustainable, based upon the facts alleged in the complaint. Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.