CAREER INITIATIVES CORP. t/a
Cary Hart Associates, Plaintiff,

v.

Brad PALMER, Russell Palmer, The Palmer Group, James Membrino American Education Centers, Inc., and Southern Ohio College, Defendants.

No. 95 Civ. 0704(DAB).

United States District Court,
S.D. New York.

July 31, 1995.

Benjamin J. Golub, Rogovin, Golub, Bernstein & Wexler, New York City, for plaintiff.

Leon P. Gold, Proskauer Rose Goetz & Mendelsohn, New York City, for defendants.

## MEMORANDUM OPINION

BATTS, District Judge:

In this action, Defendants Brad Palmer, Russell Palmer, The Palmer Group, James Membrino, American Education Centers, Inc., and Southern Ohio College ("Defendants") have moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons explained below, Defendants' motion is granted.

Plaintiff Career Initiatives Corp., t/a Cary Hart Associates ("Plaintiff"), a New York corporation engaged in the executive recruiting and consulting business, alleges that in July of 1993 Defendants retained it to recruit a chief financial officer and/or financial manager for Defendants' chain of trade schools. *See* Hart Aff. at ¶¶ 6, 7; Complaint at ¶¶ 16, 23, 31. Pursuant to an oral agreement, Plaintiff agreed to perform these services for a fee of thirty percent of the first twelve months' compensation of such employee. *See* Hart Aff. at ¶ 6; Complaint at ¶¶ 17, 18, 23, 31. Plaintiff avers that on August 18, 1993, it did find such an employee, who is being paid at least $100,000 per year. As a result, Plaintiff claims that it is owed $30,000 in fees

by Defendants, only $2,000 of which has been paid, leaving a balance of $28,000 still due. *See* Complaint at ¶ 21.

Plaintiff commenced this action asserting jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a). Claiming breach of the oral agreement, Plaintiff seeks to recover $28,000. *See* Complaint at ¶¶ 22–30. Alternatively, Plaintiff seeks recovery of $28,000 under a theory of fraud, alleging that Defendants made various misrepresentations in an effort to avoid payment of the fee. *See* Complaint at ¶¶ 26, 27, 32, 34. Plaintiff adds a punitive damages claim for $322,000 to this latter cause of action.

"Section 1332 establishes a jurisdictional floor of $50,000 for actions based on diversity of citizenship; this Court has no subject matter jurisdiction to hear diversity actions for less." *Dry Clean Depot of America, Inc. v. Stock,* 1992 WL 395526, *1 (S.D.N.Y.). Plaintiff argues that although it was done out of only $28,000, it can meet the jurisdictional minimum by claiming punitive damages arising from Defendants' fraudulent and malicious conduct.

■ "The use of punitive or exemplary damages to satisfy amount in controversy requirements triggers special judicial scrutiny." *Lieb v. American Motors Corp.,* 538 F.Supp. 127, 133 (S.D.N.Y.1982). *See also Zahn v. International Paper Co.,* 469 F.2d 1033, n. 1 (2d Cir.1972), *aff'd on other grounds,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). A trial court is not compelled to accept a claim for punitive damages made for the purposes of conferring jurisdiction. *Zahn,* 469 F.2d at 1033; *Snyder v. Pleasant Valley Finishing Co.,* 756 F.Supp. 725, 731–32 (S.D.N.Y.1990). Jurisdiction is not defeated, however, unless the court can conclude to a legal certainty that the plaintiff cannot recover the amount demanded. *See Beckerman v. Sands,* 364 F.Supp. 1197, 1200 (S.D.N.Y.1973).

■ Under New York law, punitive damages are not available in breach of contract actions, unless the wrong is aimed at the public generally. *See Hudson Motors Partnership v. Crest Leasing Enters. Inc.,* 845 F.Supp. 969, 974 (E.D.N.Y.1994); *Parke–Hayden, Inc. v. Loews Theatre Management Corp.,* 789 F.Supp. 1257, 1267 (S.D.N.Y.1992) (citations omitted). The only exception to this rule exists in cases where there is an "extraordinary showing of a disingenuous or dishonest failure to carry out a contract." *Gordon v. Nationwide Mut. Ins. Co.,* 30 N.Y.2d 427, 437, 334 N.Y.S.2d 601, 285 N.E.2d 849 (1972), *cert. denied,* 410 U.S. 931, 93 S.Ct. 1374, 35 L.Ed.2d 593 (1973). Plaintiff has made no showing that Defendants' conduct was either directed at the public generally or that it had risen to a level of moral culpability sufficient to justify an award of punitive damages.

■ Plaintiff's efforts to satisfy the jurisdictional amount by attaching a claim for punitive damages to its third cause of action for fraud is also to no avail. "It is well settled under New York law that a cause of action for fraud will not arise if the alleged fraud merely relates to the breach of a contract." *G.D. Searle & Co. v. Medicore Communications, Inc.,* 843 F.Supp. 895, 909 (S.D.N.Y.1994). *See also Purgess v. Sharrock,* 806 F.Supp. 1102, 1110 (S.D.N.Y.1992); *MBW Advertising Network, Inc. v. Century Business Credit Corp.,* 173 A.D.2d 306, 306, 569 N.Y.S.2d 682 (1st Dep't 1991). Since the fraud claimed by Plaintiff arises solely from the breach of the alleged oral agreement, this cause of action cannot be sustained.[1]

■ Even assuming the viability of the fraud claim, Plaintiff would not be entitled to an award of punitive damages. In order to recover "punitive damages in an action for fraud, it must appear that the fraud was upon the general public, that is, aimed at the public generally, is gross and involves a high degree of moral culpability." *Diker v. Cathray Constr. Corp.,* 158 A.D.2d 657, 552 N.Y.S.2d 37, 38 (2d Dep't 1990) quoting *Walker v. Sheldon,* 10 N.Y.2d 401, 223 N.Y.S.2d 488, 179 N.E.2d 497 (1961). *See*

---

**1.** This is not a case in which Defendants made a promise that they had no intention of performing. *Fort Howard Paper Company v. William D. Witter, Inc.,* 787 F.2d 784 (2d Cir.1986), and *G.D. Searle & Co. v. Medicore Communications, Inc.,* 843 F.Supp. 895 (S.D.N.Y.1994), are, therefore, inapposite.

*also Rosenberg v. GWV Travel, Inc.*, 480 F.Supp. 95, 97 (S.D.N.Y.1979). As with the contract cause of action, Plaintiff's allegations as to Defendants' conduct does not rise to such a level, thereby precluding a request for punitive damages.

Plaintiff cannot satisfy the $50,000 amount in controversy requirement set forth in 28 U.S.C. § 1332(a). There being no other basis for jurisdiction in federal court, this action is hereby dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.