■ KIM M. M. EROSA, Appellant, et al., Plaintiff, v FRANK T. RINALDI, Respondent. [704 NYS2d 891] —In an action to recover damages for medical malpractice, etc., the plaintiff Kim Marie Metrock Erosa appeals (1) from an order of the Supreme Court, Queens County (Posner, J.), dated August 4, 1998, which denied her motion to set aside a jury verdict in favor of the defendant, and (2) from so much of a judgment of the same court, entered September 14, 1998, as, upon a jury verdict in favor of the defendant, dismissed the complaint insofar as asserted by her.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, a new trial is granted, and the order dated August 4, 1998, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

"It is settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness" (*Cassano v Hagstrom*, 5 NY2d 643, 646; *see also, Arce v New York City Hous. Auth.*, 265 AD2d 281). Limited exceptions to this rule permit expert witnesses to base their opinions upon materials accepted in their profession as reliable, or upon information provided by other witnesses who are subject to full cross-examination at trial (*see, People v Sugden*, 35 NY2d 453, 460-461). However, expert witnesses may not rely upon out-of-court materials which have not been established to be reliable (*see, Hambsch v New York City Tr. Auth.*, 63 NY2d 723), or base their conclusions upon the opinions of physicians who did not testify at trial (*see, O'Shea v Sarro*, 106 AD2d 435; *Borden v Brady*, 92 AD2d 983, 984).

Here, the defendant's expert medical witness, who did not examine the plaintiff, based his opinion largely upon the defendant's office records, operative report, and post-operative X-rays. The defendant's expert also relied, *inter alia*, on reports prepared by four other physicians who examined the plaintiff. Although the court agreed, over objection, to allow the defendant's expert to testify "subject to connection", the defendant doctor did not take the stand himself, and his office records, operative report, and post-operative X-rays were never admitted into evidence. Furthermore, only two of the four physicians who conducted physical examinations of the plaintiff testified at trial. Under these circumstances, the defendant failed to establish an adequate factual basis for the admission of the opinion testimony of his sole expert witness (*see, Hambsch v New York City Tr. Auth., supra; Nuzzo v Castellano,* 254 AD2d 265; *O'Shea v Sarro, supra*), and a new trial is warranted. Ritter, J. P., Altman, Krausman and McGinity, JJ., concur.