■ MARGARET HOMSEY, Respondent, v JOSEPH CASTELLANA et al., Appellants, et al., Defendants. [733 NYS2d 719] —In an action to recover damages for personal injuries, the defendants Joseph Castellana and Linda Castellana appeal from a judgment of the Supreme Court, Kings County (Mason, J.), entered November 9, 2000, which, upon a jury verdict on the issue of damages, is in favor of the plaintiff and against them in the principal sum of $72,000.

Ordered that the judgment is reversed, on the law, and the appellants are granted a new trial on the issue of damages, with costs to abide the event.

This case arises out of a rear-end motor vehicle collision that occurred on Bay Ridge Parkway in Brooklyn on August 27, 1998. The vehicle in which the plaintiff was a passenger was stopped at a red light when the appellants' vehicle struck it from behind. The plaintiff commenced this action against, *inter alia,* the appellants, the owner and the operator of the vehicle which struck the vehicle in which she was a passenger.

The plaintiff was granted summary judgment against the appellants on the issue of liability, and the matter proceeded to trial on the issue of damages. After trial, the jury awarded the plaintiff the principal sum of $72,000. We reverse and remit the matter for a new trial on the issue of damages.

At the trial, the plaintiff testified that the impact was "medium to heavy." When the appellants attempted to introduce photographic evidence as to the condition of the vehicles to demonstrate the nature of the impact, the Supreme Court ruled that that evidence was irrelevant.

It is well settled that, even where liability is established, "proof as to the happening of an accident is probative and admissible as it describes the force of an impact or other incident that would help in determining the nature or extent of injuries and thus relate to the question of damages" (*Rodriguez v Zampella,* 42 AD2d 805, 806; *see also, Doyle v Seney,* 221 AD2d 828). The Supreme Court erred in precluding the appellants from submitting evidence of the condition of the vehicles subsequent to the accident to establish the nature of the impact. This error was particularly prejudicial to the appel-

lants, since the plaintiff was permitted to testify that the impact was "medium to heavy."

We further note that the plaintiff failed to offer into evidence the medical records on which her expert witness relied. Before an expert may testify as to matters contained in such records, but not personally known to the expert, such records must be received in evidence (*see, Erosa v Rinaldi,* 270 AD2d 384; *Nuzzo v Castellano,* 254 AD2d 265).

The appellants' remaining contentions are without merit, or need not be addressed in light of our determination. Santucci, J. P., Goldstein, McGinity and Crane, JJ., concur.