■ FRYDMAN & COMPANY et al., Appellants, v CREDIT SUISSE FIRST BOSTON CORPORATION et al., Respondents. [768 NYS2d 440]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 15, 2002, which granted defendants' motion for summary judgment dismissing the complaint in this action

for breach of fiduciary duty, breach of contract, and breach of the contractual obligation to deal fairly and in good faith, unanimously affirmed, with costs.

The motion court properly concluded that plaintiffs failed to raise any triable issues of fact with regard to defendants' demonstration that the alleged contractual and tortious breaches were not the proximate cause of plaintiffs' failure to acquire the target corporation (*see Swain v Schieffelin*, 134 NY 471, 473 [1892]; *Rose Lee Mfg. v Chemical Bank*, 186 AD2d 548, 551 [1992]). The minutes of a Board of Directors meeting and deposition testimony established a prima facie case that the corporation's decision not to sell to plaintiffs was based on the latter's historical inability to obtain reliable equity backing (especially regarding the unfavorable reputation of their latest source of financing) such as might jeopardize HUD approval, and the perceived lack of candor on the part of plaintiff Frydman's principal. The Board members were apparently aware, at a crucial meeting in October 1997, of defendants' counsel's communication to the corporation's counsel that there would be no "impediment" to providing financing to another named bidder, a communication that plaintiffs consider to be a breach of defendants' obligations to them. Nevertheless, plaintiffs failed to set forth any evidence that this knowledge was a factor in—let alone the proximate cause of—the Board's rejection of plaintiffs' bid. Concur—Buckley, P.J., Tom, Ellerin and Gonzalez, JJ.