SECOND DEPARTMENT, MARCH, 2009

(March 3, 2009)

■ A-TECH CONCRETE COMPANY, INC., Appellant, v TILCON NEW YORK, INC., Respondent. [874 NYS2d 565]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Carey, J.H.O.), dated October 11, 2007, which, after a nonjury trial and upon an amended decision and order of the same court dated September 13, 2007, is in favor of the defendant and against it dismissing the complaint and awarding the principal sum of $62,057.20 on the counterclaim.

Ordered that the judgment is affirmed, with costs.

At trial, the plaintiff sought to introduce, pursuant to the "professional reliability" exception to the rule against hearsay, a report and opinion testimony of its expert witness, as well as the report of an independent laboratory upon which the expert's opinion was based (see generally Hambsch v New York City Tr. Auth., 63 NY2d 723, 725-726 [1984]; Wagman v Bradshaw, 292 AD2d 84, 87-90 [2002]). The plaintiff's expert sent samples of certain materials to the independent laboratory for testing. He did not conduct, supervise, or observe the testing, testify about the testing procedures used by the laboratory, or otherwise indicate that he had personal knowledge of the specific tests conducted. Under these circumstances, the expert's testimony that reports such as the laboratory report are generally relied upon by professionals in his field did not sufficiently establish the reliability of the laboratory report for the purposes of the professional reliability exception (see Clevenger v Mitnick, 38 AD3d 586, 586-587 [2007]; Wagman v Bradshaw, 292 AD2d at 89-90; Erosa v Rinaldi, 270 AD2d 384, 384-385 [2000]). Thus,

the Supreme Court properly sustained the defendant's objection to the admission of the laboratory report as well as the expert report and opinion testimony based upon the laboratory report.

"As this case was tried without a jury, this Court's authority is as broad as that of the trial court, and this Court may render a judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*State Farm Mut. Auto. Ins. Co. v Stack,* 55 AD3d 594, 595 [2008], citing *Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). As the Supreme Court's findings and determinations concerning the issues of liability and damages were warranted by the facts, they will not be disturbed.

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.