■ INTERCOUNTY SUPPLY, INC., Respondent, v TAP PLUMBING & HEATING, INC., Respondent, and FLINTLOCK CONSTRUCTION SERVICES, LLC, et al., Appellants, et al., Defendant. [875 NYS2d 582]—

In an action, inter alia, to recover damages for unjust enrichment, the defendants Flintlock Construction Services, LLC, Purchase College Foundation Housing Corporation, and United States Fidelity & Guaranty Company appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Westchester County (Friedman, J.), dated March 30, 2007, which, among other things, after a nonjury trial, is in favor of the defendant TAP Plumbing & Heating, Inc., and against them in the principal sum of $131,019.72, and foreclosed public improvement liens filed on the subject property by the plaintiff and the defendant TAP Plumbing & Heating, Inc.

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof awarding the defendant TAP Plumbing & Heating, Inc., the principal sum of $131,019.72, and substituting therefor a provision awarding the defendant TAP Plumbing & Heating, Inc., the principal sum of $92,354.16, and (2) by deleting the provision thereof foreclosing the public improvement liens filed on the subject property by the plaintiff and the defendant TAP Plumbing & Heating, Inc., and substituting therefor a provision dismissing the causes of action to foreclose the public improvement liens filed on the subject property and for payment on the bond provided by the defendant United States Fidelity & Guaranty Company; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs to the appellants.

This action arises out of the construction of dormitory buildings for the State University of New York at Purchase. The plaintiff supplied plumbing and heating materials for the project, and commenced this action, inter alia, to recover damages for unjust enrichment, alleging that it was not paid for the materials. The general contractor, the defendant Flintlock Construction Services, LLC (hereinafter Flintlock), cross-claimed against the plumbing subcontractor, the defendant TAP Plumbing & Heating, Inc. (hereinafter TAP), alleging, inter alia, that it incurred additional costs due to TAP's delay in completing its portion of the project. TAP cross-claimed against Flintlock alleging, inter alia, breach of contract.

After a nonjury trial, this Court may may render the judgment it finds warranted by the facts and a review of the record as a whole (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *We're Assoc. Co. v*

*Rodin Sportswear*, 288 AD2d 465 [2001]; *Ancewicz v Western Suffolk BOCES*, 282 AD2d 632 [2001]). Here, the trial court erred in finding that the subcontract between Flintlock and TAP contained no specific completion date. However, the court's conclusion that Flintlock was responsible for the failure to complete the project on time is warranted by the facts, and thus we decline to disturb it.

Flintlock argues that the trial court failed to credit it for the expenditure it incurred when it had to engage an additional contractor to complete the "Siemens Control System." TAP argues that the Siemens System was not within its contractual scope of work. The documentary evidence adduced at trial reveals that the "Seimens Control System" or the equivalent thereof was included in the TAP contract. However, the court also properly determined that "the losses incurred by Flintlock were caused solely by Flintlock and were not due to any fault on the part of TAP." Moreover, despite the fact that there was testimony from a Flintlock employee that TAP had completed 70% of its project work, the court reduced the amount of work TAP had completed on the project to only 58%, and this concomitantly reduced the amount of TAP's damages. Therefore, the court, in effect, accounted for Flintlock's additional expenditure to complete the Siemens System.

Nevertheless, the trial court miscalculated the damages awarded to TAP. The court arrived at its damages award by adding the sum of $306,357.84 (representing 58% of the total value of completing the "phase 1" portion of the work on the project at the time of TAP's termination), plus the sum of $41,851.88 for change orders, plus the sum of $152,810 for materials delivered to the job site (total $502,019.72), less the sum of $370,000 (the amount paid directly by Flintlock to the plaintiff and a TAP subcontractor), for a total sum of $131,019.72. However, the total value of the completed "phase 1" work on the project was $461,538.42, and 58% of this amount is $267,692.28, whereas the trial court utilized a figure of $306,357.84 in making its award. Using instead the correct figure of $267,692.28, TAP's total damages award must be reduced from the sum of $131,019.72 to the sum of $92,354.16.

The causes of action to foreclose public improvement liens filed on the subject property by the plaintiff and TAP, and for payment on the bond provided by United States Fidelity & Guaranty Company (hereinafter the Surety) should have been dismissed. A public improvement lien filed against a private improvement is improper and invalid (*see Matter of T.F. Demilo Corp. [Black Iron-Rebar & Lathing]*, 187 AD2d 404 [1992]). The

evidence at trial established that the subject project is a private improvement (*see* Lien Law § 2 [7]). Furthermore, since the lien was invalid, the cause of action against the Surety for payment on its bond also should have been dismissed (*see Matter of Bat-Jac Contr. v Italia Constr. Co.*, 262 AD2d 314, 315 [1999]).

Purchase College Foundation Housing Corporation's contention that the unjust enrichment claims against it should have been dismissed (*see Perma Pave Contr. ·Corp. v Paerdegat Boat & Racquet Club*, 156 AD2d 550 [1989]) is not properly before this Court on appeal (*see Sprain Brook Manor Nursing Home v Glazer*, 6 AD3d 522 [2004]).

The appellants' remaining contentions are unpreserved for appellate review, need not be reached in light of our determination herein, or are without merit. Spolzino, J.P., Santucci, Leventhal and Chambers, JJ., concur.