◼ COMMUNITY PRODUCTS, LLC, Respondent, v NORTHVALE PROPERTY ASSOCIATES, LLC, Appellant. [878 NYS2d 125]—

In an action, inter alia, to recover the security deposit on a commercial lease, the defendant appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Orange County (Alfieri, J.), dated November 26, 2007, which, after a nonjury trial, and upon a decision of the same court dated September 7, 2007, inter alia, is in favor of the plaintiff and against it in the principal sum of $ 36,614.44.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Upon review of a determination made after a nonjury trial,

this Court's authority is "as broad as that of the trial court," and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing [and hearing] the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *A-Tech Concrete Co. v Tilcon N.Y., Inc.*, 60 AD3d 603 [2009]).

Here, the plaintiff failed to show that the oral modification of the lease was "unequivocally referable to the [alleged] oral" contract (*Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-344 [1977]; *see Luft v Luft*, 52 AD3d 479, 481 [2008]) and, thus, the Supreme Court erred in determining that the parties had orally modified the lease to permit the plaintiff's installation of a conveyor system. Nonetheless, the Supreme Court properly determined that the defendant failed to establish, by a preponderance of the evidence, any damages caused by the installation or removal of the conveyor system or, indeed, that the plaintiff failed to maintain and repair the floor of the warehouse pursuant to the terms of the lease as alleged in the first counterclaim (*see Centre Great Neck Co. v Penn Encord*, 276 AD2d 735, 736 [2000]).

Since the Supreme Court's findings and determination concerning the issues of liability and damages were warranted by the facts, they will not be disturbed (*see A-Tech Concrete Co. v Tilcon N.Y., Inc.*, 60 AD3d 603 [2009]; *Praimnath v Torres*, 59 AD3d 419 [2009]).

The defendant's remaining contentions either have been rendered academic in light of our determination or are without merit. Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.