In an action to recover damages for breach of an oral contract and for conversion, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), entered April 10, 2008, as, upon a decision of the same court dated January 28, 2008, made after a nonjury trial, is in favor of the defendant and against him dismissing the causes of action to recover damages for breach of contract and conversion.
Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the causes of action to recover damages for breach of contract and conversion are reinstated, the plaintiff is awarded judgment against the defendant on the issue of liability, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages.
This action involves a family dispute concerning funds that were transferred from the mother Sylvia Lerner, while she was still alive, to her three children: Sidney Lerner (hereinafter the plaintiff), nonparty Deborah Abramowitz, and the defendant *645 Eleanor Ayervais (hereinafter the defendant). There was an agreement among the three siblings that Sylvia’s funds would be transferred equally among them. The plaintiff commenced this action to recover damages for breach of an oral contract and conversion, alleging in the complaint that the purpose of transferring the money was to provide for Sylvia’s living expenses. The defendant admitted in her answer that the purpose of transferring the money was for the money to be safekept for Sylvia and “used to pay her living expenses by each of her children paying one-third thereof.” After a nonjury trial, the court found, inter alia, in favor of the defendant, and dismissed the complaint. The plaintiff appeals. We reverse.
“In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds ‘warranted by the facts,’ bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses” (Stevens v State of New York, 47 AD3d 624, 624-625 [2008], quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; see Town of Hempstead v DeMasco, 62 AD3d 692 [2009]; Community Prods., LLC v Northvale Prop. Assoc., LLC, 61 AD3d 806 [2009]; Intercounty Supply, Inc. v TAP Plumbing & Heating, Inc., 60 AD3d 907, 908-908 [2009]). Based on our review of, among other things, the testimony of the plaintiff and Deborah that Sylvia went to the bank to transfer her money to the sibling’s names, the testimony that Sylvia provided Deborah with a list of all of her bank accounts, which was introduced into evidence, the complaint, which alleged that Sylvia consented to the agreement, and the answer, wherein the defendant admitted that Sylvia consented to the agreement, we find that the siblings rightfully had possession of Sylvia’s money for the purpose of assisting her to pay for her living expenses. Furthermore, the facts adduced at the trial warranted a determination that the purpose of the agreement was to provide for Sylvia’s living expenses, and the defendant breached this agreement when she ceased making payments approximately two years before Sylvia died. Accordingly, the plaintiff was entitled to recover the payments he made to cover the defendant’s obligation for Sylvia’s living expenses that the defendant failed to satisfy.
Furthermore, the trial court’s determination that, in effect, the defendant was not required to return the funds that she had to the estate of Sylvia Lerner was not warranted by the facts. The plaintiff established that the defendant improperly converted the funds she held, less the money that, in accor *646 dance with our determination, she should have paid for Sylvia’s living expenses in accordance with their agreement, when she failed to return the funds after Sylvia’s demand (see generally State of New York v Seventh Regiment Fund, 98 NY2d 249, 259 [2002]; Matter of Rausman, 50 AD3d 909, 910 [2008]; Meese v Miller, 79 AD2d 237, 243 [1981]). The defendant failed to offer any evidence indicating that the money was a gift.
Accordingly, the plaintiff should be awarded judgment against the defendant on the issue of liability as to the causes of action to recover damages for breach of contract and for conversion, and the matter should be remitted to the Supreme Court, Queens County, for a trial on the issue of damages.
The parties’ remaining contentions are without merit. Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.