■ 34-35TH CORP., Appellant, v 1-10 INDUSTRY ASSOCIATES, LLC, Respondent. [959 NYS2d 519]—

In an action, inter alia, to recover damages for breach of contract arising out of a commercial lease, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (F. Rivera, J.), dated March 14, 2011, as, upon a decision of the same court dated April 26, 2010, made after a nonjury trial, is in favor of the defendant and against it, in effect, dismissing the amended complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In May 2000, the plaintiff tenant entered into a lease with the defendant landlord for commercial space, inter alia, to warehouse its jewelry manufacturing equipment. The lease stated that the premises were being let in an "as is" condition. However, by letter dated May 18, 2000, the defendant agreed to perform certain repairs which included work intended to address water leaks and excessive moisture in the premises. It is undisputed that the plaintiff occupied the premises in July 2000, before the defendant had completed the repairs. In November 2001, a water main broke and flooded the premises. In February 2002, the premises were again flooded, this time by a reported sewage backup. By amended complaint dated January 2009, the plaintiff sought, inter alia, to recover damages for breach of contract.

At trial, the plaintiff introduced evidence in support of its claim that the defendant's failure to alleviate excessive moisture resulted in the destruction of the plaintiff's equipment due to rust. The Supreme Court determined that the defendant had breached the lease, but that the plaintiff failed to show that the equipment destruction was caused by such breach.

Upon review of a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Stratus Servs. Group, Inc. v Kash 'N Gold, Ltd.*, 90 AD3d 641 [2011]; *Community Prods., LLC v Northvale Prop. Assoc., LLC*, 61 AD3d 806, 807 [2009]).

To recover general damages in an action alleging breach of contract, the damages must flow naturally and directly from the breach of the contract (*see Kenford Co. v County of Erie*, 73 NY2d 312 [1989]; *Rose Lee Mfg. v Chemical Bank*, 186 AD2d 548, 551 [1992]). "Whether one violates a contractual obligation

or a duty imposed by law, the theory of the law is that compensation shall be made for the injury directly and proximately caused by the breach of the contract or duty" (*Rose Lee Mfg. v Chemical Bank*, 186 AD2d at 551; *see Weiss v TD Waterhouse*, 45 AD3d 763, 764 [2007]; *Jorgensen v Century 21 Real Estate Corp.*, 217 AD2d 533, 534 [1995]; *see also East River S. S. Corp. v Transamerica Delaval Inc.*, 476 US 858, 874-875 [1986]).

The evidence at trial demonstrated that the defendant failed to fully perform the premises work, as set forth in the May 18, 2000, letter, which it had agreed to undertake on behalf of the plaintiff. However, even assuming that the damage to the plaintiff's equipment resulted from excessive moisture in the premises which the defendant failed to alleviate, and not as a result of any flooding, the defendant's breach was not the direct cause of the claimed damages. The evidence adduced at trial reveals that the plaintiff was clearly aware of the excessive moisture in the premises prior to its occupancy. Indeed, as the Supreme Court noted in its decision, the plaintiff's "own engineer inspected the space before the plaintiff's principal signed the lease and informed [the plaintiff's principal] that there was a serious water problem that had to be fixed before [the plaintiff] moved [its] equipment into the space." Moreover, there was testimony that the rusting of the equipment began as result of the excessive moisture, before any flooding occurred, and that once the rusting started, the plaintiff's manufacturing equipment was incapable of being repaired. Under these circumstances, the plaintiff's alleged damages were not proximately caused by the defendant's breach, but rather by the plaintiff's own action in moving its equipment into the leased premises before the excessive moisture was alleviated. Thus, the plaintiff was not entitled to recover damages on its cause of action to recover damages for breach of the lease (*see New Horizons Amusement Enters. v Zullo*, 301 AD2d 825 [2003]; *see also Orangeburg Assoc. v Sound & Screen Ventures*, 104 AD2d 641 [1984]).

The plaintiff's remaining contentions are without merit. Leventhal, J.P., Austin, Roman and Sgroi, JJ., concur.