■ Douglas LaMotta et al., Appellants, v City of New York, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Pino, J.), dated November 12, 1985, which is in favor of the defendant and against them, upon a jury verdict.

Ordered that the judgment is affirmed, with costs.

The infant plaintiff sustained injuries as a result of having been struck by a police car driven by an on-duty New York City police officer. In their bill of particulars, the plaintiffs alleged that the defendant was negligent "in having improperly trained personnel [and] in failing to properly train personnel". At the trial, both the police officer who was driving the vehicle and his partner testified that when the accident occurred, they were en route to investigate a past burglary, which was considered a nonemergency call, and that, therefore, they proceeded at a normal pace, without activating either the dome lights or the siren of the police car.

The plaintiffs' claim that they were improperly precluded from questioning the police officers as to the driver's training they had undergone is without merit. The principal issue for the jury's determination was whether the police officer who was driving was negligent at the time of the accident, and not whether he was improperly trained (see, Eifert v Bush, 27 AD2d 950, affd 22 NY2d 681). Moreover, since the officers were not operating under emergency conditions, they were bound to exercise reasonable care under the circumstances and the statutory provision governing the standard of care imposed upon officers when responding to an emergency (Vehicle and Traffic Law § 1104) is inapplicable (see, Jansen v State of New York, 60 Misc 2d 36, 41, affd 32 AD2d 889).

While the trial court did frequently intervene in the trial by questioning witnesses and reprimanding counsel, it did not display any bias or prejudice with respect to either of the parties. The court inquired of the witnesses on those occasions when counsel posed improperly phrased and leading questions and further elicited and clarified facts material to the issues in the trial. Hence, the plaintiffs' argument with respect thereto is without merit (see, Gallo v Supermarkets Gen. Corp., 112 AD2d 345; Bellefeuille v City & County Sav. Bank, 49 AD2d 323).

We have examined the plaintiffs' remaining contentions and find them to be either unpreserved for our review or without

merit. Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.