■ SAMUEL CRESPO, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents, et al., Defendant. [635 NYS2d 593] —Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered October 7, 1994, which, upon a jury verdict in favor of defendants, dismissed the complaint, unanimously affirmed, without costs.

The verdict should not be set aside since a fair interpretation of the evidence supports the jury's determination (*Johnson v Oval Pharmacy*, 165 AD2d 587, 593, *lv denied* 78 NY2d 859). The jury was entitled to find that the scooter on which plaintiff was a passenger darted out from a tunnel, ignoring a red light, and collided with defendant's patrol car which was proceeding into the intersection at a safe speed, with a green light in its favor (*see, Yaver v Gofus*, 156 AD2d 556).

Plaintiff's claims of misconduct by defense counsel during the trial are unpersuasive. Notwithstanding the parties' original stipulation that lack of insurance of the driver of the scooter, codefendant Lopez, would be excluded, defense counsel later rescinded his consent to the agreement and contended that the evidence should be admitted. Given the court's suggestion that such evidence was indeed relevant, counsel committed no misconduct by introducing such evidence. Similarly, no misconduct occurred with respect to cross-examination of plaintiff as to his use of drugs. As the court found, there was a good faith basis to question plaintiff about his drug use between the time of the accident and trial. However, when the question was asked by defense counsel in hearsay form, the court sustained the objection and instructed the witness not to answer.

Nor did the court commit any charging errors. Plaintiff's request for a charge on Vehicle and Traffic Law § 1140 (a) was properly denied as that section pertains to uncontrolled intersections and is superseded by other statutory provisions regarding intersections controlled by traffic signals (*see, Hohenstein v Mosher*, 36 AD2d 662; *Reynolds v United States*, 127 F Supp 373, 375). In any event, the instructions given by the court conveyed nearly the identical principle requested by plaintiff: that a vehicle approaching an intersection must yield the right-of-way to a vehicle already in the intersection; and that even with a green light, a driver must exercise reasonable care to avoid a collision with a another vehicle in an intersec-

tion (*see*, Vehicle and Traffic Law § 1111; PJI 2:79). Nor was a missing document charge required, as plaintiff failed to make a prima facie showing that the photographs of the scooter actually existed and were under defendant's control (*see*, *Scaglione v Victory Mem. Hosp.*, 205 AD2d 520, *lv denied* 85 NY2d 801), and defense counsel offered a reasonable explanation for not producing the documents (*supra*). Concur—Murphy, P. J., Rosenberger, Ross, Nardelli and Mazzarelli, JJ.