■ LIDA SKEEN, Respondent, v RICHARD SKEEN, Appellant. [730 NYS2d 456] —In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Beisner, J.), dated May 11, 2000, and (2) a judgment of the same court, entered June 16, 2000, which is in favor of the plaintiff and against him in the sum of $36,195.28 for pendente lite maintenance and child support arrears.

Ordered that the appeal from the order is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.80 [e]); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for an expedited trial of this action to be held forthwith.

Contrary to the defendant's contention, the Supreme Court correctly awarded the plaintiff a judgment for arrears (see, Domestic Relations Law §§ 236, 240, 244).

The defendant's remaining contentions lack merit.

Under the particular circumstances of this case, the trial of this action should be expedited, to be held forthwith. Ritter, J. P., Krausman, Luciano and H. Miller, JJ., concur.

■ STANLEY SOBEL et al., Appellants, v GERARD P. JORDAN, Respondent. [730 NYS2d 457] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Segal, J.), dated September 28, 2000, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant made out a prima facie case that the injured plaintiff did not suffer a significant disfigurement as a result of the accident and the plaintiffs did not raise a triable issue of fact (see, Lisa v Pastor, 262 AD2d 368; Estrella v Marano, 255 AD2d 358). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.