■ CAROL A. MACDONALD et al., Appellants, v SALLY E. MEIER-HOFFER et al., Respondents. [786 NYS2d 228]—

Rose, J. Appeal from an order of the Supreme Court (Canfield, J.), entered October 21, 2003 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint.

In this action to recover damages for personal injuries arising from a motor vehicle accident, defendants moved for summary judgment dismissing the complaint. They assert that plaintiff Carol A. MacDonald (hereinafter plaintiff) had not sustained a serious injury within the meaning of Insurance Law § 5102 (d) because there is no medical evidence that her ribs were fractured, the only injury identified in plaintiffs' bill of particulars that would meet the serious injury threshold. In opposing defendants' motion, plaintiffs did not attempt to show the existence of a fracture, but instead alleged that plaintiff sustained a serious injury in the 90/180-day category and indicated that they intended to amend their bill of particulars accordingly. When no amended bill of particulars was forthcoming, Supreme Court granted defendants' motion. Plaintiffs now appeal.

Although plaintiffs could have amended their bill of particulars to add another category of serious injury without leave of the court (see CPLR 3042 [b]), they did not do so even after defendants moved for summary judgment and Supreme Court granted them an extension of time to respond beyond the motion's return date. In the absence of an amended bill, Supreme Court correctly disregarded evidence that plaintiff was unable to perform her usual and customary daily activities for the requisite 90-day time period (see Ifrach v Neiman, 306 AD2d 380, 381 [2003]; Seymour v Roe, 301 AD2d 991, 992 n 2, 995 n 4 [2003]). In any event, were we to address the merits of the 90/180-day claim, we would agree with Supreme Court that plaintiffs' submissions are insufficient because there is no cred-

ible medical evidence attributing plaintiff's claimed limitations to the medically determined injuries sustained in the accident (*see Monk v Dupuis*, 287 AD2d 187, 190-191 [2001]).

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.