CARMEN I. LORENZO, Respondent, v MASS, INC., et al., Appellants. [819 NYS2d 300]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Barasch, J.), dated January 4, 2005, which, upon a jury verdict awarding the plaintiff damages in the sums of $90,000 for past pain and suffering, $1,500,000 for future pain and suffering, $350,000 for future lost earnings, and $900,000 for future

medical expenses, and upon the granting of their motion, inter alia, pursuant to CPLR 4404 (a) to set aside the verdict to the extent of granting a new trial with respect to damages for future pain and suffering, future lost earnings, and future medical expenses unless the plaintiff stipulated to reduce the damages for future pain and suffering to the sum of $350,000, for future lost earnings to the sum of $250,000, and for future medical expenses to the sum of $300,000, and upon the plaintiff's stipulation to the reduced damages, is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed, with costs.

The subject accident occurred when the defendants' tractor trailer struck the back of the plaintiff's car while both were traveling in the same direction on Canal Street in Manhattan. The defendants admitted liability, and the trial was concerned solely with the issue of damages.

Contrary to the defendants' contention, the trial court's determination to preclude the defense counsel from pursuing a line of questioning regarding the events leading up to the accident was proper. While evidence regarding the happening of an accident is probative and admissible to the extent that it describes the force of an impact and would help in determining the nature or extent of the injuries (see Homsey v Castellana, 289 AD2d 201 [2001]; Rodriguez v Zampella, 42 AD2d 805, 806 [1973]), in this case, the defense counsel's questions on cross-examination of the plaintiff as to such issues as when she first saw the truck before the accident and how long she had been in the middle lane before the accident occurred were in no way related to the force of the impact and were properly precluded. We note that the trial court properly permitted the defense counsel to ask questions regarding the severity of the impact.

The trial court properly denied the defendants' request for a missing-witness charge as to certain doctors who treated the plaintiff and did not testify at trial since their testimony would have been cumulative (see Lanoce v Kempton, 8 AD3d 449 [2004]).

Under the unusual circumstances of this case, the trial court's conduct in reprimanding the defense counsel for, among other things, his adamant and repeated refusal to adhere to directions by the trial court, although at times not ideal, did not demonstrate bias against the defense counsel which would warrant reversal (see Pickering v Lehrer, McGovern, Bovis, Inc., 25 AD3d 677 [2006]; LaMotta v City of New York, 130 AD2d 627 [1987]; Gallo v Supermarkets Gen. Corp., 112 AD2d 345, 348 [1985]).

The awards for future pain and suffering, future lost earn-

ings, and future medical expenses, as reduced from the jury verdict and as stipulated to by the plaintiff, did not deviate from what would be reasonable compensation (*see* CPLR 5501 [c]).

The defendants' remaining contentions are without merit. Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.