■ CHARLES T. LEE, Respondent, v ROBERT E. LAIRD JR. et al., Appellants. [888 NYS2d 249]—

Peters, J. Appeal from an order of the Supreme Court (Lalor, J.), entered June 26, 2008 in Greene County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a truck inspector for the Department of Transportation, was injured when a truck owned by defendant Swift Transportation Company, Inc. and operated by defendant Robert E. Laird Jr. collided with the vehicle in which he was recording the results of an inspection he had just performed. Initially diagnosed with a lumbar strain and hip contusion during his visit to a hospital emergency room, plaintiff was later found to be suffering a lumbar spine injury consisting of herniated discs at L4-L5 and L5-S1. He then brought this action alleging serious injury within the meaning of Insurance Law § 5102 (d). In his bill of particulars, plaintiff asserted that he suffered a "permanent loss of use" and a "permanent consequential limitation of use" of his lumbar spine and lower back. Following joinder of issue, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury. Finding that plaintiff raised triable ques-

tions of fact as to whether he sustained a serious injury under the "permanent consequential limitation of use" and "significant limitation of use" categories of Insurance Law § 5102 (d), Supreme Court denied the motion.* This appeal ensued.

Supreme Court properly determined, and plaintiff does not dispute, that defendants made a prima facie showing that plaintiff did not suffer a serious injury as a result of the accident (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Nowak v Breen*, 55 AD3d 1186, 1187-1188 [2008]; *Tubbs v Pallone*, 45 AD3d 959, 960 [2007], *lv denied* 10 NY3d 702 [2008]). Thus, the issue distills to whether plaintiff's submissions in opposition to the motion raise a triable issue of fact as to the existence of a serious injury (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Nowak v Breen*, 55 AD3d at 1188; *Clements v Lasher*, 15 AD3d 712, 712-713 [2005]).

As a preliminary matter, we first address Supreme Court's finding that plaintiff raised a factual issue as to whether he sustained a significant limitation of use of his lower back or lumbar spine. Since plaintiff did not allege in his bill of particulars that he suffered an injury under this category of serious injury and never moved to amend his bill of particulars to add such category, the references thereto in his brief on appeal are not considered, and should not have been considered by Supreme Court in opposition to defendants' motion (*see Mac-Donald v Meierhoffer*, 13 AD3d 689, 689 [2004]; *Seymour v Roe*, 301 AD2d 991, 995 n 4 [2003]; *see also Sharma v Diaz*, 48 AD3d 442, 443 [2008]; *Hall v Barth*, 36 AD3d 1050, 1051 n [2007]).

With respect to his claim that he suffered a permanent consequential limitation of use, plaintiff principally relied on the affidavit of his treating chiropractor, Debra Macko, who treated him on more than 140 occasions after the accident. Macko averred that an MRI taken two months after the accident revealed "a severe lumbar spine injury consisting of herniated discs and a torn disc placing pressure on and displacing the sciatic nerve root at both the L4-L5 and L5-S1 levels." Since proof of a herniated disc, by itself, is insufficient to establish a serious injury, Macko was further required to provide a designation of a numeric percentage of plaintiff's loss of range of motion or a "qualitative assessment of [his] condition . . . , provided that the evaluation has an objective basis and compares [his] limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*Toure v Avis*

---

* In opposition to the motion, plaintiff did not dispute defendants' proof that he did not sustain a permanent loss of use of his lumbar spine and lower back and, on appeal, has withdrawn his claim under this category.

*Rent A Car Sys.*, 98 NY2d at 350 [emphasis omitted]; *see Pianka v Pereira*, 24 AD3d 1084, 1085 [2005]; *Gonzalez v Green*, 24 AD3d 939, 940-941 [2005]). In this regard, Macko opined that, based upon the MRI results, plaintiff's medical records and her physical examinations of plaintiff, these disc herniations were causally related to the accident and resulted in nerve root impingement and radiculopathy, causing pain, weakness and numbness in plaintiff's right leg. She further averred that plaintiff's muscle atrophy in his right leg, which was objectively confirmed by two other physicians with whom plaintiff treated, is a direct consequence of the lumbar spine injury that he received from the accident. Moreover, she specified the degree of impairment suffered by plaintiff and opined that, with no change in plaintiff's condition after more than a 24 months of treatment, plaintiff's condition, including his atrophy, was permanent in nature and not subject to improvement. We find these averments to be sufficient to raise a question of fact concerning whether plaintiff suffers from a permanent consequential limitation of use of a body organ or member (*see Chunn v Carman*, 8 AD3d 745, 746-747 [2004]; *Brewer v Weston*, 309 AD2d 1088, 1089 [2003]; *Hassam v Rock*, 290 AD2d 625, 626 [2002]).

Cardona, P.J., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found an issue of fact as to whether plaintiff sustained a serious injury under the significant limitation of use category of Insurance Law § 5102 (d), and, as so modified, affirmed.