DAVID SANTOS et al., Appellants, v FORD MOTOR COMPANY, Respondent, et al. Defendant. [893 NYS2d 537]—

The vehicle at issue was a 1995 Ford Explorer, model UN-105. The court permitted testimony about the predecessor Explorer, model UN-46, that Ford produced from mid-1990 through mid-1995, but precluded certain testimony about the Bronco II, allegedly the predecessor to the UN-46. Even assuming evidence about the Bronco II was relevant to the issue whether the UN-105 was defective, the court had discretion to exclude it from this already lengthy trial (*see People v Primo*, 96 NY2d 351, 355 [2001]).

The minor difference between Mechanical Systems Analysis, Inc.'s (MSAI) accident avoidance maneuver test and the

Consumers Union test did not render the MSAI test novel within the meaning of *Frye v United States* (293 F 1013 [DC Cir 1923]) (*see Styles v General Motors Corp.*, 20 AD3d 338, 339 [2005]). However, any error in precluding testimony about the MSAI test was harmless because plaintiffs' expert was allowed to testify extensively about the Consumers Union test.

The court properly denied plaintiffs' request for a missing document charge because Ford gave a reasonable explanation for failing to preserve the test data that it entered into its computer program (*see Crespo v New York City Hous. Auth.*, 222 AD2d 300, 301 [1995]), and there was no evidence that Ford disposed of the data in anything other than the ordinary course of business or with notice of its potential evidentiary value (*see Balaskonis v HRH Constr. Corp.*, 1 AD3d 120 [2003]). Regardless, the Ford employee who was responsible for signing off on the testing with respect to the particular model in contention denied loading it with sandbags so that it would pass Ford's internal test. Finally, plaintiffs presented evidence from which the jury could have inferred that Ford's testing was unreliable. Accordingly, there was no prejudice to plaintiffs in denying their request for a missing document charge.

The court correctly submitted, as the first question to the jury, whether the 1995 Explorer was defective. Plaintiffs could not prevail under either negligence or strict liability unless the jury found that defendant's product was defective (*see Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 480 [1980] [negligence]; PJI 2:141 [2006]* [strict liability]).

The court correctly declined to charge the jury on failure to warn. While plaintiffs' failure-to-warn claim (Ford's failure to say that the Explorer becomes more unstable as it is loaded with passengers and cargo) is not the same as their design defect claim (the Explorer's alleged propensity to roll over), "it remains plaintiff's burden to prove that defendant's failure to warn was a proximate cause of [the] injury" (*Sosna v American Home Products*, 298 AD2d 158 [2002]). Here, there was no evidence that plaintiffs would have bought a vehicle other than the Explorer or packed the car differently had Ford given a warning beyond those it already gave. Thus, the failure-to-warn claim was correctly dismissed for failure to establish the causation element (*see Berger v Ford Motor Co.*, 95 Fed Appx 520 [4th Cir 2004]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—McGuire, J.P., Moskowitz, Acosta and DeGrasse, JJ.

---

* The trial took place in 2006.