■ CANDY MALDONADO, Appellant, v JAMES A. PICCIRILLI et al., Respondents. [894 NYS2d 119]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kerins, J.), dated September 12, 2008, which granted the motion of the defendant Jorge Manuel DaSilva, and the separate motion of the defendant James A. Piccirilli, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

In opposition to the defendants' respective prima facie showings of their entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The plaintiff al-

leged that the injuries to her face and nose sustained in the accident constituted a "significant disfigurement" and, therefore, qualified as a serious injury within the meaning of Insurance Law § 5102 (d). Contrary to the plaintiff's contention, however, the photographs she submitted in opposition to the defendants' motions refute the claim that a reasonable person viewing the plaintiff's face would, as a result of the remnants of the injury, regard it as unattractive or objectionable, or as the object of pity and scorn (*see Lynch v Iqbal*, 56 AD3d 621 [2008]; *Sirmans v Mannah,* 300 AD2d 465 [2002]; *Loiseau v Maxwell,* 256 AD2d 450 [1998]; *Edwards v DeHaven,* 155 AD2d 757 [1989]). Accordingly, the Supreme Court properly granted the defendant's respective motions for summary judgment dismissing the complaint insofar as asserted against them. Fisher, J.P., Santucci, Angiolillo, Hall and Lott, JJ., concur.