■ MARY T. DOTY, as Parent and Guardian of SARAH M. DOTY, an Infant, Appellant, v MARGARET H. McINERNY et al., Respondents. [910 NYS2d 225]—

Malone Jr., J. Appeal from an order of the Supreme Court (O'Shea, J.), entered February 10, 2010 in Chemung County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, as the parent and guardian of Sarah Doty, commenced this action alleging that Doty sustained serious injuries within the meaning of Insurance Law § 5102 (d) as a result of a motor vehicle accident. Defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment on the issue of defendants' negligence. Supreme Court granted defendants' motion and plaintiff appeals.

As limited by her brief, plaintiff initially contends that Supreme Court erred by granting defendants' motion for summary judgment because a question of fact exists as to whether Doty sustained a fracture to her right foot. However, neither the amended complaint nor the bill of particulars contain allegations that Doty sustained a serious injury to her foot in the form of a fracture and, accordingly, Supreme Court properly refused to consider this claim, which was first raised in opposition to defendants' motion (*see Lee v Laird*, 66 AD3d 1302, 1303 [2009]; *MacDonald v Meierhoffer*, 13 AD3d 689, 689 [2004]).

Plaintiff next contends that summary judgment dismissing the complaint was improper because she raised a triable issue of fact with respect to her claim of a significant disfigurement.

However, as the proponents of the summary judgment motion, defendants presented sufficient medical evidence that neither the approximately one-centimeter scar on the right side of Doty's forehead nor the approximately 1½-centimeter scar on her right foot constitutes a significant disfigurement (*see Licygiewicz v Stearns*, 61 AD3d 1254, 1255 [2009]). In opposition, plaintiff produced the affidavit of Doty's treating physician, who described the two scars as permanent, indicated that they were each discolored and visible from three meters away and opined, in a conclusory manner, that they constituted a serious injury.* However, the photographs that were included in the record refute any claim that a reasonable person viewing these scars would consider them to be "unattractive, objectionable or the subject of pity or scorn" so as to constitute a significant disfigurement with the meaning of the Insurance Law (*Baker v Thorpe*, 43 AD3d 535, 537 [2007]; *see Maldonado v Piccirilli*, 70 AD3d 785, 786 [2010]). Accordingly, Supreme Court appropriately granted defendants' motion for summary judgment dismissing the complaint.

Mercure, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Although plaintiff also submitted Doty's affidavit in which Doty avers, among other things, that the scars make her feel self-conscious, Doty's subjective claims are insufficient to raise a triable issue of fact (*see e.g. Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]).