■ ERIC F. BORQUIST, Respondent, v HYDE PARK CENTRAL SCHOOL DISTRICT et al., Appellants. [966 NYS2d 888]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated June 13, 2012, which denied their motion for summary judgment dismissing the complaint on the ground that Danielle Borquist did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants bore the initial burden of establishing as a matter of law that the scar on Danielle Borquist's face did not constitute a " 'significant disfigurement' " (*Onder v Kaminski*, 303 AD2d 665, 666 [2003], quoting Insurance Law § 5102 [d]), defined as a condition which is unattractive, objectionable, or the object of pity and scorn (*see e.g. Maldonado v Piccirilli*, 70 AD3d 785, 786 [2010]). The photographs submitted by the defendants indicate that the scar was 3.5 centimeters long and was clearly visible on her forehead. Under these circumstances, the defendants failed to establish the absence of significant disfigurement as a matter of law (*see Waldron v Wild*, 96 AD2d 190, 194 [1983]). Although it is unclear from the photographs how visible the scar was after Danielle Borquist underwent plastic surgery, the evidence in the record indicates that there are triable issues of fact which cannot be resolved by way of summary judgment (*see Zulawski v Zulawski*, 170 AD2d 979 [1991]).

Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly denied. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.