■ MICHAEL A. KNIGHT, Appellant, v M & M SANITATION CORP. et al., Respondents. [996 NYS2d 330]—

In an action to recover damages for personal injuries, the plaintiff appeals from an amended judgment of the Supreme Court, Kings County (Bayne, J.), entered May 10, 2012, which, upon a jury verdict on the issue of damages finding that he did not sustain a serious injury under the significant limitation of use or permanent consequential limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, is in favor of the defendants and against him, in effect, dismissing the complaint.

Ordered that the amended judgment is affirmed, with costs.

On September 12, 2007, the defendant Robert D. McCarron was operating a garbage truck owned by his employer, the defendant M & M Sanitation Corp., in Manhattan, when the truck backed up into the stationary vehicle in which the plaintiff was sitting. The plaintiff was sipping soda from a can at the moment of impact. During the damages trial, the plaintiff testified that the impact was "heavy," causing his body to go "back and forth" and his mouth and teeth to "hit the can." He further testified that the force from the impact loosened his existing front upper dental bridge, which he received approximately 12 years earlier because he was missing several front teeth. The jury, which was asked to consider whether the plaintiff sustained a serious injury only under the significant limitation of use or permanent consequential limitation of use categories of Insurance Law § 5102 (d), returned a verdict in favor of the defendants.

The plaintiff's contention that the trial court erred in denying his request to charge the jury with respect to the significant disfigurement category of Insurance Law § 5102 (d) is without merit. For an injury to constitute a significant disfigurement within the meaning of Insurance Law § 5102 (d), a "reasonable person viewing" the injury would have to "regard" it as "unattractive" or "objectionable," or as "the object of pity" or "scorn," and the disfigurement must also be causally related to the subject accident (see Maldonado v Piccirilli, 70 AD3d 785, 786 [2010]; Lynch v Iqbal, 56 AD3d 621, 622 [2008]; Howard v Rogalski, 291 AD2d 909 [2002]). Here, the plaintiff's disfigurement, caused by his loss of teeth, predated the accident and, therefore, was not causally related to it. As such, no reasonable view of the evidence supported the requested charge.

Although the complaint alleged that the plaintiff sustained a

serious injury under the fracture category of Insurance Law § 5102 (d), the complaint did not specify that a tooth or a jawbone was fractured. The bill of particulars alleged loosening of the plaintiff's "existing dental structures in his mouth leading to teeth loss" and need for multiple surgical tooth extractions. Since the bill of particulars does not sufficiently particularize the plaintiff's allegation of fracture as a result of the subject accident, the trial court correctly denied the plaintiff's request to charge the jury with respect to the fracture category of Insurance Law § 5102 (d) (*see Martinkus v Dahmen*, 105 AD3d 1014 [2013]; *Doty v McInerny*, 77 AD3d 1264, 1264 [2010]; *MacDonald v Meierhoffer*, 13 AD3d 689 [2004]).

Even if the plaintiff's allegations concerning a fracture were sufficient, the requested charge was not warranted because he failed to present medical evidence at trial sufficient to support a charge that he sustained a tooth or jawbone fracture as a result of the subject accident (*see Brackenbury v Franklin*, 93 AD3d 423 [2012]; *Kaplun v Septama*, 38 AD3d 847 [2007]). The plaintiff, who admittedly had significant dental problems prior to the accident, saw his dentist, Dr. Harry Weisenfeld, four weeks after the accident, on October 10, 2007. The plaintiff's dental surgeon, Dr. Renrick Benn, testified that a review of Dr. Weisenfeld's records from that date revealed that a fractured tooth had been removed. However, there was no evidence in Dr. Weisenfeld's records that the tooth was fractured as a result of the impact of the collision. Dr. Benn treated the plaintiff for the first time six weeks after the accident, on October 22, 2007, and he only first learned of the accident on January 22, 2008, more than four months after it occurred. Moreover, it was undisputed that the plaintiff did not seek any treatment or make any complaints about his teeth or mouth when he visited a Las Vegas hospital nine days after the accident, or when he visited Downstate Medical Center on September 26, 2007, and Brookdale Hospital on October 1 and 17, 2007. This evidence was insufficient to establish that the plaintiff sustained a tooth or jawbone fracture.

Contrary to the plaintiff's contention, the trial court did not err in denying his request for a missing document charge with respect to photographs of the wreckage of his vehicle taken by McCarron at the accident scene. Although there was testimony that McCarron took pictures at the accident scene with a disposable camera, the plaintiff failed to establish that any photographs of the accident scene existed, or that he moved to compel their production during discovery (*see McGloin v Golbi*, 49 AD3d 610 [2008]; *Crespo v New York City Hous. Auth.*, 222 AD2d 300 [1995]).

The trial court's conduct in reprimanding the plaintiff's counsel for, among other things, repetitive questioning on matters already covered at trial, and improper use of redirect examination, did not demonstrate bias against the plaintiff's counsel that would warrant reversal (*see Lorenzo v Mass, Inc.*, 31 AD3d 616 [2006]; *LaMotta v City of New York*, 130 AD2d 627, 627 [1987]).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Eng, P.J., Dillon, Duffy and Barros, JJ., concur.