■ GREGORY BRYAN POPE, Appellant, v CONCORDE CAB CORP. et al., Respondents. [18 NYS3d 91]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated August 12, 2014, which granted the motion of the defendants Temple Taxi, LLC, and Basarnabi A. Subhan, and the separate motion of the defendants Concorde Cab Corp. and MD N. Kabir, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Temple Taxi, LLC, and Basarnabi A. Subhan, and the separate motion of the defendants Concorde Cab Corp. and MD N. Kabir, for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

In support of their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them, the defendants submitted competent evidence establishing, prima facie, that the scars on the plaintiff's chin and neck did not constitute "significant disfigurement[s]" as defined by Insurance Law § 5102 (d) (*see Sobel v Jordan*, 286 AD2d 726 [2001]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether the scars on his chin and neck constituted serious injuries under the significant disfigurement category of Insurance Law § 5102 (d) (*see Tugman v PJC Sanitation Serv., Inc.*, 23 AD3d 457 [2005]). Thus, the Supreme Court should

have denied the defendants' motions for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.