Mnatcakanova v Elliot (2019 NY Slip Op 05772)





Mnatcakanova v Elliot


2019 NY Slip Op 05772


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-07571
 (Index No. 501299/15)

[*1]Roza Mnatcakanova, appellant,
v
Mike Elliot, et al., respondents.


Mikhail Ilyaich & Associates, P.C. (Spektor & Tsirkin, P.C., New York, NY [Gregory Spektor and Charles M. Hymowitz], of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn, NY (Robert D. Grace of counsel), for respondents Mike Elliot and Mansur Suvankulov.
James G. Bilello (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondent Qidi Yang.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 15, 2017. The order granted (1) the motion of the defendants Mike Elliot and Mansur Suvankulov for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and (2) that branch of the cross motion of the defendant Qidi Yang which was to dismiss the complaint insofar as asserted against the defendant Qidi Yang on the same ground.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident. The defendants Mike Elliot and Mansur Suvankulov (hereinafter together the moving defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The defendant Qidi Yang cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Yang on the same ground. In support of that branch of the cross motion, Yang adopted the "facts, legal arguments, . . . and exhibits" submitted by the moving defendants in support of their motion. The Supreme Court granted the motion and the subject branch of the cross motion. The plaintiff appeals, and we affirm.
Contrary to the plaintiff's contention, the moving defendants established, prima facie, that she did not sustain a serious injury under the significant disfigurement category of Insurance Law § 5102(d) (see Forster v Novic, 127 AD3d 605). The plaintiff sustained a laceration to her neck as a result of the accident and received three stitches at the hospital. The moving defendants submitted, inter alia, the affirmed report of a plastic surgeon who opined that the resultant scar, which measures 1.3 centimeters in length by 2 millimeters in width, is "cosmetically acceptable" and [*2]"is flat and blends in very well with the surrounding skin and soft tissues." A photograph taken by the plastic surgeon depicts no discernable disfigurement. Under these circumstances, the moving defendants, and therefore Yang, established that a reasonable person viewing the injury would not "regard [the scar] as unattractive or objectionable, or as the object of pity or scorn" (Knight v M & M Sanitation Corp., 122 AD3d 683, 684 [internal quotation marks omitted]; see Lynch v Iqbal, 56 AD3d 621, 621-622). In opposition, the plaintiff, who submitted no photographic evidence to rebut the prima facie showing of the moving defendants or Yang, failed to raise a triable issue of fact (see Maldonado v Piccirilli, 70 AD3d 785, 785-786; Lynch v Iqbal, 56 AD3d at 621-622; cf. Pope v Concorde Cab Corp., 132 AD3d 749, 749).
Further, the moving defendants (and Yang) established, prima facie, that the alleged injuries to the cervical and thoracolumbar regions of the plaintiff's spine, and to the plaintiff's right knee, were degenerative in nature and were not proximately caused by the accident (see Cavitolo v Broser, 163 AD3d 913, 914; John v Linden, 124 AD3d 598, 598-599). In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff submitted, inter alia, an affirmed medical report in which her expert opined that her injuries were causally connected to the accident, the evidence submitted by the plaintiff failed to address the findings of the moving defendants' expert that the injuries to her spine and knee were degenerative in nature (see Cavitolo v Broser, 163 AD3d at 914; Franklin v Gareyua, 136 AD3d 464, 465-466, affd 29 NY3d 925, 926).
Accordingly, we agree with the Supreme Court's determination to grant the motion of the moving defendants for summary judgment dismissing the complaint insofar as asserted against them and that branch of Yang's cross motion which was for summary judgment dismissing the complaint insofar as asserted against Yang.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court