Sarnelli v City of New York (2020 NY Slip Op 01520)





Sarnelli v City of New York


2020 NY Slip Op 01520


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-12011
 (Index No. 18617/01)

[*1]Salvatrice Sarnelli, appellant, et al., plaintiff,
v
City of New York, et al., respondents.


Michelstein & Ashman, PLLC, New York, NY (Richard A. Ashman of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Max O. McCann of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Salvatrice Sarnelli appeals from a judgment of the Supreme Court, Queens County (Martin E. Ritholtz, J.), entered September 29, 2017. The judgment, upon a jury verdict finding that the plaintiff Salvatrice Sarnelli did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and upon an order of the same court dated November 17, 2016, denying the motion of the plaintiff Salvatrice Sarnelli pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial on the issue of damages, is in favor of the defendants and against the plaintiff Salvatrice Sarnelli dismissing the complaint insofar as asserted by her.
ORDERED that the judgment is affirmed, with costs.
On June 1, 2000, a vehicle operated by the plaintiff Salvatrice Sarnelli collided with a vehicle operated by the defendant Nicholas Caropreso in Queens. Caropreso's vehicle was owned by the defendants City of New York and New York City Fire Department. The plaintiff Rolando Jimenez was a passenger in the vehicle operated by Sarnelli.
The plaintiffs commenced this personal injury action against the defendants. The defendants conceded liability, and the case proceeded to a jury trial on the issue of Sarnelli's damages. Sarnelli testified that she injured her teeth, including the lower part of a dental bridge, when, as a result of the accident, her face hit the steering wheel of her vehicle. Sarnelli testified that she visited her dentist 11 days after the accident. She testified that another dentist, Michael Mastromarino, subsequently removed a dental bridge and four of her front teeth and replaced them with four implants. Sarnelli did not call Mastromarino as a witness. Sarnelli attempted to testify that she had cracked the root of one of her teeth, but defense counsel's objection to that testimony was sustained on the ground that Sarnelli was repeating hearsay from a dentist who was not called as a witness.
Sarnelli presented the testimony of Irving Friedman, a neurologist who examined her on January 27, 2005, and March 15, 2016. Friedman testified that Sarnelli continued to experience [*2]dental pain. He further testified: "I am just quoting [Sarnelli]. My jaw hit the steering wheel. I cracked my bridge. That's her history to me." Sarnelli also presented the testimony of Stanton Scott Goldstein, an oral surgeon who first examined her 16 years after the accident. Goldstein testified that "16 years later, [Sarnelli] had no lower teeth; she had an ill-fitting denture." He further testified that "dental records indicated that a tooth was fractured, the bridge became loose, subsequently that bridge was lost."
The defendants did not present any witnesses. The jury found, inter alia, that Sarnelli did not sustain a fractured tooth as a result of the accident and, thus, did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
Sarnelli moved pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of damages. In an order dated November 17, 2016, the Supreme Court denied the motion. On September 29, 2017, the court entered a judgment in favor of the defendants and against Sarnelli dismissing the complaint insofar as asserted by her. Sarnelli appeals.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (see Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588; see generally Lolik v Big V Supermarkets, 86 NY2d 744; Nicastro v Park, 113 AD2d 129). "[A] jury is at liberty to reject an expert's opinion if it finds the facts to be different from those which formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagrees with the opinion" (Zapata v Dagostino, 265 AD2d 324, 325).
A fracture constitutes a serious injury pursuant to Insurance Law § 5102(d) (see e.g. Fogliani v Salvato, 205 AD2d 581, 582). Here, Sarnelli presented no direct evidence that she sustained a fractured tooth as a result of the accident. Friedman testified that he was "just quoting" Sarnelli in concluding that she had sustained a fractured tooth. Goldstein testified that he did not see Sarnelli's medical records from the emergency room on the date of the accident, "believe[d]" there were X rays of Sarnelli's jaw taken in 2000, and did not have any personal knowledge of the state of Sarnelli's jaw on the date of the accident. Sarnelli testified that after the accident, Mastromarino performed dental work on her. However, Mastromarino did not testify, and Sarnelli did not introduce into evidence Matromarino's medical records or any X rays demonstrating that she had a fractured tooth.
Accordingly, a fair interpretation of the evidence supported the jury's conclusion that Sarnelli did not sustain a fractured tooth as a result of the accident and, thus, did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (cf. Knight v M & M Sanitation Corp., 122 AD3d 683, 685; Gertis v Joseph, 284 AD2d 938). We therefore agree with the Supreme Court's determination denying Sarnelli's motion to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of damages.
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court