Brown v Williams (2022 NY Slip Op 04710)

Brown v Williams

2022 NY Slip Op 04710

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-09475
 (Index No. 619838/17)

[*1]Lorraine Brown, appellant, 
v
Jaiquell Williams, et al., respondents.

Kujawski & Kujawski, Deer Park, NY (Jennifer A. Spellman of counsel), for appellant.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for respondent Celenia Ramos.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated July 9, 2019. The order granted the motion of the defendant Celenia Ramos, joined by the defendant Jaiquell Williams, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident on January 14, 2017. The defendant Celenia Ramos (hereinafter the defendant) moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The defendant Jaiquell Williams joined the motion. In an order dated July 9, 2019, the Supreme Court granted the motion, and the plaintiff appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant established, prima facie, that the plaintiff did not sustain a serious injury under the significant disfigurement category of Insurance Law § 5102(d) (see Mnatcakanova v Elliot, 174 AD3d 798, 799; Forster v Novic, 127 AD3d 605). In addition, the defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and the plaintiff's shoulders did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). The defendant also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761). In opposition, the plaintiff failed to raise a triable issue of fact (see Maldonado v Piccirilli, 70 AD3d 785, 786; Lynch v Iqbal, 56 AD3d 621, 622).
Accordingly, the Supreme Court properly granted the motion for summary judgment dismissing the complaint.
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court