Maniscalco v Thomas (2023 NY Slip Op 03229)

Maniscalco v Thomas

2023 NY Slip Op 03229

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-01277
 (Index No. 502455/18)

[*1]Antonio S. Maniscalco, respondent, 
v
Ismail Thomas, appellant.

James F. Butler, Jericho, NY (Kathleen E. Fioretti of counsel), for appellant.
Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 29, 2021. The order, insofar as appealed from, granted the plaintiff's cross-motion for summary judgment determining that he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident. The plaintiff cross-moved for summary judgment determining that he sustained a serious injury to his tooth within the meaning of Insurance Law § 5102(d) as a result of the accident. In support of his cross-motion, the plaintiff submitted, among other things, an affirmation from Robert L. Labaito, a dentist, who examined the plaintiff and took X rays of the plaintiff's mouth. Labaito opined that the plaintiff sustained a fractured tooth that required bonding, and that the injury was caused by the accident. In an order dated January 29, 2021, the Supreme Court, inter alia, granted the plaintiff's cross-motion. The defendant appeals.
Contrary to the defendant's contention, the plaintiff met his prima facie burden of demonstrating that he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The plaintiff submitted competent medical evidence establishing, prima facie, that he sustained a fractured tooth as a result of the accident (see Chatoorang v Navarrete-Duque, 105 AD3d 518, 519; Moffitt v Murray, 2 AD3d 1110; see also Eisenberg v Cope Bestway Express, Inc., 131 AD3d 1198, 1201; Newman v Datta, 72 AD3d 537; Tagger v Olympic Van Line, Inc., 38 AD3d 646; cf. Sarnelli v City of New York, 181 AD3d 623, 625; Epstein v Butera, 155 AD2d 513, 515). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the plaintiff's cross-motion for summary judgment determining that he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
MILLER, J.P., CHRISTOPHER, WARHIT and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court