| Garcia v Udensi |
|:---:|
| 2025 NY Slip Op 32260(U) |
| June 23, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 505200/2020 |
| Judge: Richard J. Montelione |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

KINGS COUNTY CLERK

2025 JUN 24 A 9: 16

At IAS Part 99 of the Supreme Court
of the State of New York, held in and
for the County of Kings, at the
Courthouse located at 360 Adams
Street, Brooklyn, NY 11201, on the
23 day of June 2025.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 99

**DECISION AND
ORDER**

------------------------------------------------------------------------X

YANIRA GARCIA, SONIA GARCIA and
WILBER B. MARTINEZ,

Index No.: 505200/2020
Mot. Seq. No.: 4

                   Plaintiffs,

    -against-

KALU UDENSI and
BC LEASING CORP.,

               Defendants.

------------------------------------------------------------------------X

After oral argument, the following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | NYSCEF DOC. # |
|---|---|
| | |
| Plaintiffs' Notice of Motion, Affirmation in Support and Exhibits A-G ........................ | 65-74 |
| Defendants' Affirmation in Opposition ................................................................... | 75 |

MONTELIONE, RICHARD J., J.

    This action involves alleged personal injuries suffered because of a motor vehicle accident which occurred on August 10, 2019, and was commenced by filing the summons and complaint on March 2, 2020. Issue was joined by service of an answer on June 3, 2020.

    The defendants moved for summary judgment by Notice of Motion dated July 11, 2022 (MS# 2), on the basis that plaintiff cannot prove a serious injury which meets the threshold requirements mandated by Insurance Law § 5102(a). The court granted their motion on June 23, 2014 as plaintiffs had failed to file opposition thereto, notwithstanding that they had been previously directed to do so, and during oral argument failed to offer a satisfactory explanation for their failure to timely submit opposition.

    The Plaintiffs sought a vacatur of the court's June 14, 2023 Order pursuant to CPLR 5015(a) and in the interest of justice (MS# 3). The court considered both motions, granted Plaintiffs motion to vacate the court's June 14, 2023 Order, and decided defendants summary judgment motion on the merits. The court issued a Decision and Order dated April 25, 2024 and filed with the Kings County Clerk on May 7, 2024 (Decision and Order).

    By Notice of Motion dated June 6, 2024, Plaintiffs filed the instant motion to renew and

[* 1]

*Garcia, et al. v Udensi, et al,* Index No. 505200/2020

reargue (MS# 4). Defendants opposed. The court now denies in part and grants in part Plaintiffs MS# 4.

### Plaintiffs' Motion to Renew

A motion affecting a prior order of the court is governed by CPLR 2221. Specifically, a motion for leave to renew "1. shall be identified specifically as such; 2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and 3. shall contain reasonable justification for the failure to present such facts on the prior motion." CPLR 2221(e).

The court indicated in the Decision and Order that "there is no indication of the objective medical evidence (or device) used to conduct the measurements and the court cannot consider these allegations. The court notes that the MRI reports are not in admissible form and cannot be considered in opposition." (internal citations omitted)

In support of the plaintiffs' motion to renew, counsel states that "Plaintiffs do not seek to offer new evidence on this motion." NYSCEF Doc. No. 66, Affirmation in Support of Plaintiffs' Motion to Reargue and Renew, ¶ 80. Rather, plaintiffs' counsel argues that the court should accept and consider the plaintiff's late filing of Exhibit "G", Radiologist's Affirmations (3 submitted and all dated June 6, 2024) attached to this motion to renew, which attempts to correct plaintiffs' admissibility problem by again arguing that counsel for plaintiff had suffered from medical issues at the time of his underlying defaults, and now arguing that at the time of counsel's submission of plaintiffs' opposition to defendants' summary judgment motion, counsel's medical issue prevented him from providing admissible evidence in response to defendants' motion for summary judgment.

The court accepted this reason for plaintiffs' failure for having delayed, by 6 months to get in opposition papers prior to the court issuing the June 14, 2023 default Order (NYSCEF Doc. #56). The court, in the April 25, 2024 Decision and Order vacated plaintiffs' counsel's default in the interests of justice, and considered plaintiffs' late opposition to defendants' motion for summary judgment before rendering its Decision and Order.

In considering plaintiffs late opposition, the court in the Decision and Order found plaintiffs' papers to be deficient: "there is no indication of the objective medical evidence (or device) used to conduct the measurements and the court cannot consider these allegations. The court notes that the MRI reports are not in admissible form and cannot be considered in opposition."

Plaintiffs' counsel, on this motion to renew, recites medical issues again for its failure to submit admissible evidence in opposition to defendants' motion for summary judgment. The court takes judicial notice of Plaintiffs' counsel's website, The Gewirtz Law Firm, LLP, wherein it demonstrates that plaintiffs' counsel is not a sole practitioner. The court also recognizes plaintiffs' counsel's ethical obligations under the Rules of Professional Conduct, and specifically Rule 1.3. Diligence. The court finds there is no reasonable justification for the failure to present the current Exhibit G to this motion at the time of plaintiffs' opposition to defendants' summary

[* 2]

*Garcia, et al. v Udensi, et al*, Index No. 505200/2020

judgment motion.

The court denies plaintiffs' motion to renew.

**Plaintiffs' Motion to Reargue**

Section 2221 of the CPLR also governs a motion to reargue a prior order. A motion to reargue "1. shall be identified specifically as such; 2. shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and 3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. The court finds that the plaintiffs' motion to reargue was timely filed.

As to plaintiff Yanira Garcia, defendants' IME doctor, Dr. Jeffrey Guttman found that when testing the extension at the lumbosacral spine, the goniometer tested 20 degrees where the AMA standard for normal range is 25 degrees, a 20% decrease. "As the proponent of the summary judgment motion, defendant had the threshold burden of establishing by competent medical evidence that plaintiff did not sustain a serious injury caused by the accident (*see Howard v Espinosa,* 70 AD3d 1091, 1091–1092 [3rd Dept 2010]; *Lee v Laird,* 66 A.D.3d 1302, 1303, [2009])." *Clark v Basco,* 83 A.D.3d 1136, 1137 (2011).

A 20% permanent loss of use of a body part can be deemed significant. (*Dufel v. Green,* 84 NY2d 795 [1995], Kholdarov v Hyman, 165 AD3d 1087, 1088 [2d Dept 2018]). Therefore, defendant has not met its prima facie burden as to plaintiff Yanira Garcia's lumbosacral spine. Since the defendants failed to make out a prima facia case for lack of a serious injury to plaintiff's lumbar region, plaintiff Yanira Garcia is entitled to seek recovery for all injuries. *Detoma v Dobson,* 214 AD3d 949 [2d Dept 2023].

Plaintiffs' motion to reargue is granted to the extent that defendants' motion for summary judgment as to Yanira Garcia must be denied.

However, this is not the case as to plaintiff Sonia Garcia. The cervical right and left lateral flection and the right knee flexion are the only two areas where there were any range-of-motion differentials noted by defendants' IME doctor. In each instance the percentage of restriction, 11.11% and 13.33% respectively are inconsequential. (*See Waldman v Dong Kook Chang,* 175 AD2d 204 [2d Dept 1991] [15% limitation is minor and not significant]; *see also Arrowood v Lowinger,* 294 AD2d 315 [1st Dept 2002] [limitations of 2-4%, 5-10%, & 7-14% are not of sufficient magnitude to qualify as a significant limitation of use]).

Plaintiffs' motion to reargue as to Sonia Garcia is denied and this court adheres to its determination as to Sonia Garcia in its April 25, 2024 Decision and Order.

Based on the foregoing, it is

**ORDERED**, that upon consideration of plaintiffs' motion to renew and reargue herein (MS# 4) plaintiffs' motion to renew is **DENIED**; and it is further

[* 3]

*Garcia, et al. v Udensi, et al*, Index No. 505200/2020

**ORDERED**, that upon further consideration of plaintiffs' motion to renew and reargue herein (MS# 4) plaintiffs' motion to reargue is **GRANTED TO THE LIMITED EXTENT** of denying defendants' motion for summary judgment as to plaintiff Yanira Garcia and adhering to the court's determination as to Sonia Garcia in its May 7, 2024, Decision and Order.

**ORDERED**, that any other request for relief is **DENIED**.

This constitutes the decision and order of the Court.

_____
Hon. Richard J. Montelione

KINGS COUNTY CLERK
FILED
2025 JUN 24 A 9: 16

[* 4]